UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                                          Case No. 8:19-bk-04542-RCT
                                                                                                Chapter 7
Frank Natiello
Louisa-anne Natiello,

      Debtors.
_____/

**CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL
REAL ESTATE SERVICES AND KELLER WILLIAMS MIDTOWN DIRECT TO
PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 & 330**

      Christine Herendeen, as Chapter 7 Trustee (the "Trustee") for the above referenced Debtors (together, the "Debtor"), files this Application to authorize retention of (1) BK Global Real Estate Services ("BKRES") and (2) Keller Williams Midtown Direct (the "Listing Agent") In support thereof, the Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

      The Trustee requests approval to retain BKRES and Hunt Realty Group, at no cost to the estate, to negotiate with and persuade the first lien holder on certain real property in which the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay a 11 U.S.C. § 506 surcharge to provide a carve out for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission that will be shared equally by BKRES and Listing Agent only upon the closing of a sale that is approved by this Court.

      BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in

procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale™ process described herein.

BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as a 11 U.S.C. § 506 surcharge approved by this Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale™ will likely result in secured creditor paying a carve out for the benefit of the estate with proceeds from the public sale of an asset in which the estate has no equity and (2) expects to obtain secured Creditors' agreement to a Consented Sale™, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold, within the coming months.

## Jurisdiction

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## Background

3. On 05/14/2019, the Debtors commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

4. Thereafter, the Trustee was appointed as the Chapter 7 Trustee in this case.

5. The Trustee held and concluded the 341 meeting on 06/19/2019.

6. The Debtors are the sole owners of real property located at 8 Sandy Hill Road Hamburg, NJ 07419 (the "Property").

7. The Debtors scheduled the Property with a value of " $182,700.00 ". The Property is subject to mortgage liens (the "Senior Mortgage") in favor of Ditech (collectively, the "Secured Creditors") in an amount exceeding 113,932.00 and a second mortgage (the "Second Mortgage") in an amount exceeding $114,000.00 in favor of Ditech (the "Creditor").

8. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtors estate and all creditors to negotiate to obtain Secured Creditors' agreement and consent ("Consent") to do the following, with the proviso that the hired professionals, BKRES or Local Agent, shall not participate in the sale and purchase of any estate property except as hired brokers:

    a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

    b. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

    c. If the Property is sold to a third party, agree to a 11 U.S.C. § 506 surcharge to pay all the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carveout for the benefit of allowed unsecured creditors of the Debtors estate;

    d. If Secured Creditor purchases property, agree to a 11 U.S.C. § 506 surcharge to pay all the expenses associated with the proposed sale, including the payment of a 2% real estate brokerage commission to BKRES, of which a $500.00 fee will be paid to Listing Agent, and provide a carveout for the benefit of allowed unsecured creditors of the Debtors estate.

9. Trustee expects to obtain Secured Creditors' Consent and bring a separate motion seeking an order approving the sale of the Property (the "<u>Motion to Approve Sale</u>") within several months of the entry of the order sought by this Application.

10. By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to procure Secured Creditors' Consent, and (b) approve Secured Creditors' payment of the fees described below directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Consent and Motion to Approve Sale are granted.

### APPLICATION

11. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee… or a professional person employed under section 327…(A) reasonable compensation for actual, necessary services rendered [by such party]… and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Compensation will be determined later in accordance with 11 U.S.C. § 330.

12. As further described in the materials attached to their affidavits, BKRES[2] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no equity.

13. The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear.  The Trustee further believes that such a sale is in the best interest of the Debtors' estate, but can only be achieved if Secured Creditors' Consent is first obtained.  That is why the Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditors' Consent is in the best interests of the Debtors' estate.

14. In no event will the estate have any obligation to pay BKRES or Listing Agent. The terms of the BKRES Agreement and Listing Agreement provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted and (c) the Property is sold, in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage commission at closing in accordance with the order approving the sale.

15. BKRES and Listing Agent will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

16. The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and listing agreement are reasonable in light of the extensive experience

---

[2] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

of BKRES and Listing Agent and the nature of the services they provide.

17. BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as **Exhibit "A"** is an Affidavit of Disinterestedness of BKRES. BKRES also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent.

18. Listing Agent attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as **Exhibit "B"** is an Affidavit of Disinterestedness of Listing Agent. Listing Agent also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than BKRES.

## CONCLUSION

For the foregoing and all other necessary and proper purposes, the Trustee seeks the Court's authority to retain BKRES and Listing Agent in this case, and requests that the Court approve the compensation arrangements set forth in the BKRES Agreement and Listing Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

Dated: September, 20, 2019

Respectfully submitted,

/s/Christine Herendeen
Chapter 7 Trustee
P.O. Box 152348
Tampa, FL 33684
Telephone: (813) 438-3833
Email:
clherendeen@herendeenlaw.com

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the Application to Retain BK Global Real Estate Services and Keller Williams Midtown Direct Real Estate Broker was provided by electronic delivery or U.S. mail on September, 20, 2019 to the parties listed below

U. S. Trustee, 501 E. Polk Street Suite 1200, Tampa, FL 33602

Sandra H. Day, The Day Law Office, 4108 Deltona Blvd., Spring Hill, FL 34606

Frank Natiello & Louisa-anne Natiello, 8027 Sealawn Dr., Spring Hill, FL 34606

BK Global Real Estate Services, 1095 Broken Sound Pkwy. NW, Suite 100, Boca Raton, FL 33487.

Justin Kiliszek, Keller Williams Midtown Direct, 223 Mountain Ave Springfield, NJ 07081

/s/ Christine L. Herendeen
Christine L. Herendeen

MIDDLE DISTRICT OF FLORIDA

In re: : Chapter 7
:
: Case No. 19-04542
:
Debtors :
Frank Natiello :
Louisa-Anne Natiello :
:

### DECLARATION OF PATRICK BUTLER IN SUPPORT OF APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND KELLER WILLIAMS MIDTOWN DIRECT TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. § 327, 328 AND 330

The undersigned, Patrick Butler ("Declarant") hereby states:

1. I am employed by BK Global Real Estate Services ("Applicant" or "BKRES"), which is an entity duly licensed as a real estate brokerage by the State of Florida located at 1095 Broken Sound Parkway, N.W., Suite 100, Boca Raton, FL 33487. I am Applicant's broker-in-charge and am authorized by Applicant to submit this Declaration on Applicant's behalf in support of the annexed Application to Retain BKRES and in accordance with Bankruptcy Rule 2014.

2. Based upon the information discussed below, I believe that Applicant is a disinterested person and does not hold or represent any interest adverse to the interest of the Debtors' estate as that term is defined in Section 101(14) of the Bankruptcy Code.

3. To the best of my knowledge: (a) neither BKRES nor any of its employees has any connection with the Debtors, its creditors in this case, the Chapter 7 Trustee, the Office of the United States Trustee, or any employees thereof or any party in interest herein; (b) BKRES and each of its employees are "disinterested persons," as that term is defined in Section 101(14)

of the Bankruptcy Code; and (c) neither BKRES nor any of its employees hold or represent an interest adverse to the Debtors' estate.

4. A description of the qualifications of, and services provided by, BKRES is attached as <u>Schedule 1</u>.

5. That I have read the application of the Trustee regarding the retention and compensation of BKRES and agreed to be bound by the terms and conditions represented therein.

6. That I further understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation, as it deems appropriate.

Verified under penalty of perjury that the foregoing is true and correct this 20 day of September, 2019.

_____
Patrick Butler
Broker-in-Charge

The foregoing instrument was sworn to and subscribed before me this 20th day of September, 2019, by Patrick Butler who provided identification or is personally known to me and who did take an oath.

NOTARY PUBLIC
_____
Notary Public, State of Florida

My Commission Expires



Notary Public State of Florida
Priscilla L Melendrez
My Commission GG 156838
Expires 10/31/2021

## **SCHEDULE I**

BK Global Real Estate Services is a licensed real estate brokerage by the State of Florida, located at 1095 Broken Sound Parkway N.W., Suite 100, Boca Raton, Florida, 33487.

BK Global Real Estate Services has a strong background and extensive experience in dealing with the mortgage servicing industry and is considered an expert in assisting in the negotiations with secured creditors whose debt is in excess of the market value of the real property and in negotiating short sales.

BK Global Real Estate Services has been providing real estate services to Chapter 7 bankruptcy trustees since 2014.

BK Global Real Estate Services has developed a process to assist Chapter 7 trustees in the sale of over-encumbered real estate to obtain the consent of the secured creditor to allow the Chapter 7 trustee to sell the real property and to assist the Chapter 7 trustee in negotiating a carve out for the bankruptcy estate that will provide a meaningful distribution to the unsecured creditors..

BK Global Real Estate Services is to be retained by the Chapter 7 trustee pursuant to 11 U.S.C. § 327. The first step is for BK Global Real Estate Services to assist the Chapter 7 trustee in obtaining the consent of the secured creditor to allow the Chapter 7 trustee to sell the secured real estate. Those negotiations will include establishing a carve-out of the sale proceeds to the bankruptcy estate that will provide a meaningful distribution to unsecured creditors.

In addition, a carve out will be established to pay a real estate commission to BK Global Real Estate Services and a local real estate licensed broker. In addition, as part of the negotiations, the secured creditor will be required to waive the filing of any deficiency claim.

Once the Court has approved the retention of BK Global Real Estate Services and the local real estate licensed broker, then the real property will be listed for sale at an agreed listing price by the secured creditor.

A motion will be filed to approve the settlement and compromise reached between the Chapter 7 trustee and the secured creditor.

BK Global Real Estate Services has successfully assisted Chapter 7 trustees in 33 court districts in the consented program. BK Global Real Estate Services does this by achieving the highest sale prices for properties as opposed to the more common "discounted sale" often presented to secured creditors by less experienced service providers. The transaction is never consummated unless the carve-out percentage or fee is sufficient to provide a meaningful distribution to unsecured creditors. BK Global Real Estate Services has standards in the mortgage industry whereby all parties can have a mutually beneficial outcome to the sale. The sale of over-encumbered real estate in bankruptcy presents a superior outcome to all parties.

- Unsecured creditors achieve a meaningful distribution on many more bankruptcy cases than they do on 'no asset' cases;

- The Chapter 7 trustee is able to conduct these transactions in a very cost-effective manner substantiating the carve-out amounts generated in these sales; and

- Secured creditors achieve more favorable recovery than they would via foreclosure including minimized compliance risk.

Page 4-2 of the Handbook for Chapter 7 Trustee states that by virtue of 11 U.S.C. § 323(a) the trustee is a representative of the estate. Further, the handbook states, "The trustee is a fiduciary charged with protecting the interest of all estate beneficiaries – namely, all classes of creditors, including those holding secured, administrative, priority and non-priority unsecured claims, as well as the debtor's interest in exemptions and in any possible surplus property."

BK Global Real Estate Services is a licensed Real Estate Broker and acts in the capacity as a licensed agent/broker. As a member of the real estate professional association, BK Global Real Estate Services is permitted to work with local brokers and share fees for work conducted. Section 504(b) of the Bankruptcy Code permits the compensation BK Global Real Estate Services receives for work conducted on a case.

BK Global Real Estate Services has developed a nationwide network of licensed real estate brokers that are trained in the sale of over-encumbered real estate in bankruptcy. BK Global Real Estate Services co-lists the real estate with one of our local trained licensed brokers. The trustee hires both BK Global Real Estate Services and the local broker to perform the required services. The listing commission is split between BK Global Real Estate Services and the local broker.

For these fees, both BK Global Real Estate Services and the local broker share in the duties that are required to conduct a consented sale in bankruptcy.

BK Global Real Estate Services' services include, but are not limited to, the following:

- Researching the real estate, running title and lien searches to identify creditors for resolution and any title issues;
- Advising the trustee of any issues and discuss potential resolutions;
- Conducting the resolutions under the trustee's direction;
- Assisting the trustee in the collection of documents and information for employment;
- Making contact with the secured creditor(s);
- Notifying them of the upcoming sale and identifying servicer requirements;
- Assisting the trustee in establishing market value and negotiating with the servicer an acceptable sales price and establishing a carve-out;
- Development of online marketing, email campaign and full nationwide marketing services;
- Conducting on online sale;
- Use of the technology platform;

- Assist the trustee in the review of all offers and coordinate the final documentation of the offer accepted by the trustee;
- Managing contract requirements such as inspections, appraisals and HOA applications;
- Coordinating closings and assisting the trustee in the collection of required information for court filing; and
- Closing the transaction and ensure the estate has received the appropriate funds.

Local broker services include, but are not limited to:

- Inspecting the property and completing a broker's price opinion;
- Listing the property in the multiple listing service (MLS); and
- Posting a for sale sign in the yard and coordinating showings.

U.S. Bankruptcy Court Districts where BK Global Real Estate Services conducted Consented Sales:

- Eastern District of Arkansas
- Central District of California
- Eastern District of California
- Southern District of California
- District of Colorado
- District of Connecticut
- Middle District of Florida
- Southern District of Georgia
- District of Hawaii
- Northern District of Illinois
- Northern District of Indiana
- Southern District of Indiana
- Western District of Kentucky
- Eastern District of Louisiana
- Middle District of Louisiana
- Western District of Louisiana
- District of Massachusetts
- District of Maryland
- Eastern District of Michigan
- Eastern District of North Carolina
- District of New Jersey
- District of Nevada
- Eastern District of New York
- Northern District of Ohio
- Southern District of Ohio
- District of Oregon
- Eastern District of Pennsylvania

- Middle District of Pennsylvania
- Western District of Pennsylvania
- Northern District of Texas
- Western District of Texas
- Western District of Washington

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In re:                                           Case No. 19-04542
                                                 Chapter 7
Frank Natiello
Louisa-anne Natiello

_____Debtors_____/

**AFFIDAVIT OF JUSTIN KILISZEK IN SUPPORT OF APPLICATION
TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND KELLER
WILLIAMS MIDTOWN DIRECT TO PROCURE CONSENTED PUBLIC SALE
PURSUANT TO 11 U.S.C. § 327, 328 AND 330**

STATE OF NEW JERSEY    )
                       )
COUNTY OF Union        )

Justin Kiliszek, being duly sworn, says:

1. I am a real estate agent duly licensed by the State of New Jersey.

2. I am an agent of Keller Williams Midtown Direct a New Jersey Corporation, with corporate offices located at 223 Mountain Ave Springfield, NJ 07081, ("Listing Agent").

3. I am familiar with the Application to Retain Keller Williams Midtown Direct, filed by the Trustee ("Application") and the property described therein.

4. I believe that I am experienced and qualified to represent the Trustee in connection with the marketing and sale of the real property located at 8 Sandy Hill Road Hamburg, NJ 07419 (the "Property").

5. Keller Williams Midtown Direct has agreed to accept employment pursuant to the terms and conditions set forth in the Application and the proposed commission structure. Based upon my experience and knowledge of the real estate market, I believe that the commission structure proposed to be paid to Listing Agent does not exceed customary commissions in the applicable geographical area and are reasonable for the type of employment proposed.

1

6.     Neither I nor any member of Keller Williams Midtown Direct hold or represent any interest adverse to the estate with respect to the matters for which we are to be employed and we are disinterested persons within the meaning of 11 U.S.C. § 101(14), as required by § 327(a).

7.     To the best of my information and belief, neither I nor the other members of this firm have any connection with the Debtors, their creditors, or any other party in interest or their respective attorneys or accountants, the U. S. Trustee, or any person employed in the office of the U.S. Trustee, as required by Rule 2014 of the Federal Rules of Bankruptcy procedure except as set forth below.

8.     I represent no interest adverse to the Debtors or its estate in the matters upon which I am to be engaged.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Justin Kiliszek of
Keller Williams Midtown Direct

The foregoing instrument was sworn to and subscribed before me this 10 day of September, 2019.

NOTARY PUBLIC

_____
Notary Public, State of New Jersey

Eddie Galvan
Type, Stamp, or Print Name as Commissioned

2

**REAL ESTATE LISTING/COMMISSION AGREEMENT** (Page 1 of 2)
**NEWMLS, L.L.C. d/b/a GARDEN STATE MULTIPLE LISTING SERVICE, L.L.C.**

1. THE FOLLOWING TERMS ARE DEFINED AND, WHEN MENTIONED IN THIS AGREEMENT, SHALL MEAN:

"Service" or "GSMLS": GARDEN STATE MULTIPLE LISTING SERVICE, L.L.C.

"Owner(s)", "Seller/Landlord" or "you": Christene Herendeen, BK Trustee for the estate of Frank and Louisa-Anne Natiello

Owner's Address: 8 Sandy Hill Rd, Hamburg NJ 07419

"Listing Broker": KELLER WILLIAMS MID-TOWN DIRECT
Broker's Address: 181 MAPLEWOOD AVE, MAPLEWOOD, NJ 07040

Owner's Tele #: _____ Email: _____
LB Tele#: 973-762-5400    Fax #: _____

"Property": 8 Sandy Hill Rd, Hamburg NJ 07419
"Listing Price" SALE $ _____
RENTAL $ _____

2. TERM OF AGREEMENT: From "Commencement Date" _____ to "Expiration Date" _____

3. DISCLOSURE OF BUSINESS RELATIONSHIP:

I, Justin Kiliszek (Name of Licensee), as an authorized representative of Keller Williams Mid-Town Direct (Name of Listing Broker),

intend, as of this time, to work with you as a: (Check only one line)

☐ Seller's / Landlord's Agent only (SA)
☒ Seller's / Landlord's Agent and Disclosed Dual Agent if the opportunity arises (DD)
☐ Transaction Broker (TB)

This Listing Agreement and any sale of the property is subject to and conditioned upon approval by the United States Bankruptcy Court.

4. OFFER OF COOPERATION / COMPENSATION:
SALE: The Seller authorizes and the Listing Broker offers Cooperation / Compensation as follows: (Check and Complete Appropriate Line(s))
TO: SUBAGENTS: YES: ☐ @ _____ NO: ☐
TO: BUYER BROKERS: YES: ☐ @ _____ NO: ☐
TO: TRANSACTION BROKERS: YES: ☐ @ _____ NO: ☐

RENTAL: The Landlord authorizes and the Listing Broker offers Cooperation / Compensation as follows: (Check and Complete Appropriate Line(s))
TO: SUBAGENTS: YES: ☐ @ _____ NO: ☐
TO: TENANT BROKERS: YES: ☐ @ _____ NO: ☐
TO: TRANSACTION BROKERS: YES: ☐ @ _____ NO: ☐

5. The "Commission" shall be as follows:

The "Sale Commission:" _____    The "Rental Commission:" N/A

If this Listing/Commission Agreement is for the sale of the Property only, Owner agrees not to list the Property for rental with any other Broker during the term of this Listing/Commission Agreement. If this Listing/Commission Agreement is for the rental of the Property only, Owner agrees not to list the property for sale with any other Broker during the term of this Listing/Commission Agreement.

6. Keybox. Owner ☒ does ☐ does not authorize the Listing Broker to place a GSMLS Keybox on the Property to aid in the showing of the Property.

7. COMMISSION SPLITS. LISTING BROKERS USUALLY COOPERATE WITH OTHER BROKERAGE FIRMS BY SHARING INFORMATION ABOUT THEIR LISTINGS AND OFFERING TO PAY PART OF THEIR COMMISSION TO THE FIRM THAT PRODUCES A BUYER. THIS IS GENERALLY REFERRED TO AS THE "COMMISSION SPLIT".

SOME LISTING BROKERS OFFER TO PAY COMMISSION SPLITS OF A PORTION OF THE GROSS COMMISSION, USUALLY EXPRESSED AS A PERCENTAGE OF THE SELLING PRICE, LESS A SIGNIFICANT DOLLAR AMOUNT. OTHER LISTING BROKERS OFFER A PORTION OF THE GROSS COMMISSION LESS ONLY A MINIMAL LISTING FEE OR LESS ZERO.

THE AMOUNT OF COMMISSION SPLIT YOUR BROKER OFFERS CAN AFFECT THE EXTENT TO WHICH YOUR PROPERTY IS EXPOSED TO PROSPECTIVE BUYERS WORKING WITH LICENSEES FROM OTHER BROKERAGE FIRMS.

ON THIS LISTING, THE BROKER IS OFFERING A COMMISSION SPLIT OF _____ MINUS $150.00 _____ TO POTENTIAL COOPERATING BROKERS.

IF YOU FEEL THAT THIS MAY RESULT IN YOUR PROPERTY RECEIVING LESS THAN MAXIMUM EXPOSURE TO BUYERS, YOU SHOULD DISCUSS THOSE CONCERNS WITH THE LISTING SALESPERSON OR HIS/HER SUPERVISING BROKER.

BY SIGNING THIS LISTING AGREEMENT THE OWNER(S) ACKNOWLEDGE HAVING READ THIS STATEMENT ON COMMISSION SPLITS.

8. PAYMENT OF THE COMMISSION FOR SALE/LEASE, AGENCY ARRANGEMENTS. The Owner agrees to pay the Listing Broker (or as the Listing Broker may direct) the Commission if the Property is sold, leased, exchanged or otherwise transferred by/through the Listing Broker, or through any other source (including the direct sale/lease by the Owner) before the Expiration Date.

The Commission shall be earned when a ready, willing and able Buyer/Tenant is produced and shall be paid at the time of the transfer of the Property or signing of the lease. By signing this Agreement the Owner instructs the title agent/attorney to pay the Commission at such time. In the event the Property is sold to the Tenant during the term of its Tenancy, the Sale Commission shall be paid by the Owner to the Listing Broker if sold to the Tenant by _____ .

(CONTRACTUAL PROVISIONS ARE CONTINUED ON THE REVERSE SIDE OF THIS PAGE, PLEASE REVIEW)

Listing Agent: Justin Kiliszek (L.S.) dotloop verified 09/16/19 10:36 AM EDT
(Print Name)
LA ID #: 256461

Accepted By: Authorized Representative (L.S.)
Octavio Mendes or Elisabete Almeida or Andre Saraiva
(Print Name)
Broker ID #: 3556

Owner: [signature] as Trustee — Bankr. Est. of Frank & Louisa-Anne Natiello — Case No. 8:19-bk-04542-RCT    9/20/19
Owner: _____
Owner: _____
Owner: _____

The Listing Broker agrees that the Commission may be shared with any Broker who assists Listing Broker in causing a sale, lease, exchange or transfer of the Property as indicated in the offer of Cooperation/Compensation Box.

In the event the Commission due the Listing Broker from the Owner is not paid per the terms of this Agreement, the Owner agrees to pay all expenses, including reasonable attorney's fees incurred by the Listing Broker, relating to the collection of the Commission.

### 9. COMMISSION OR FEE DISCLOSURE.

"AS SELLER YOU HAVE THE RIGHT TO INDIVIDUALLY REACH AN AGREEMENT ON ANY FEE, COMMISSION, OR OTHER VALUABLE CONSIDERATION WITH ANY BROKER. NO FEE, COMMISSION OR OTHER CONSIDERATION HAS BEEN FIXED BY ANY GOVERNMENTAL AUTHORITY OR BY ANY TRADE ASSOCIATION OR MULTIPLE LISTING SERVICE." Nothing herein is intended to prohibit an individual Broker from independently establishing a policy regarding the amount of fee, commission or other valuable consideration to be charged in transactions by the Broker.

### 10. GRANT OF EXCLUSIVE RIGHT TO SELL, LEASE, EXCHANGE OR OTHERWISE TRANSFER AND TO MULTIPLE LIST PROPERTY.

In consideration of the Listing Broker listing and endeavoring to find Buyers/Tenants for the Property at the Listing Price, OWNER (or their legally authorized representative) grants the Listing Broker the exclusive right to sell, lease, exchange or otherwise transfer the Property, at the Listing Price and on the terms as stated in this Agreement, or upon such other price and/or terms as may be acceptable to the Owner. The Listing Broker is directed by the Owner to list the Property with the Service and to distribute this listing to Service participants.

### 11. BROKER PROTECTION

Owner agrees to pay the Listing Broker the Commission if the Owner, acting on the Owner's own behalf, within 180 days after the Expiration Date conveys or agrees to convey the Property to any Buyer shown the Property by the Listing Broker or any person during the term of this Listing Agreement. This clause shall not apply if the property has been listed by the Owner with another broker by written agreement.

### 12. OWNER(S) LIABILITY.

The OWNER(S) hold harmless and indemnify the Listing and Cooperating Brokers against loss or damage resulting directly from any condition of the Property not disclosed to the Listing Broker or from the Owner's use of/or acts in the showing and inspection of the Property.

### 13. OWNERSHIP, LIENS AND MORTGAGES.

The Owner(s) represent that they are the sole owner(s) of the Property, the Owner(s) have the legal right to sell or lease the Property, and that to the best of their knowledge they have Marketable Title to the Property. The Owner(s) further represent that after a sale at the Listing Price there will be sufficient proceeds to discharge all liens and encumbrances and to pay the Commission stated in this Agreement.

### 14. NO ENVIRONMENTAL HAZARDS.

The Owner(s) are not aware of any environmental hazards relating to the Property, or proceedings regarding such hazards which are now pending or threatened with regard to the Property.

### 15. SIGN AUTHORIZATION.

The Owner authorizes the Listing Broker to place a real estate sign on the Property. The Owner agrees not to place Owner's or any other "For Sale/For Lease" sign on the Property during the term of this Agreement.

### 16. REFERRING INTERESTED BUYERS TO LISTING BROKER/NEGOTIATIONS THROUGH LISTING BROKER.

The Owner shall refer to the Listing Broker every prospective Buyer/Tenant who contacts the Owner during the term of this Agreement. The Owner directs that all negotiations for the purchase or lease of the Property shall be conducted through the Listing Broker.

### 17. NOT CURRENTLY LISTED.

The Owner represents that the Property is not currently listed with any other Broker.

### 18. ACCURACY OF INFORMATION.

The information contained in this Agreement and on the attached Listing Input Sheets has been furnished by the Owner who states it is correct to the best of Owner's knowledge and belief, and the compilation by the Broker for the Service is not to be deemed a representation as to the accuracy of the information provided.

### 19. ACKNOWLEDGMENT OF RECEIPT OF FULLY SIGNED AGREEMENT/LISTING INPUT SHEETS.

The Owner acknowledges that this Agreement has been read by the Owner and that Owner understands its contents. Owner has received a copy of this Agreement and the attached Listing Input Sheets, which are incorporated herein and made part of this Agreement. Owner acknowledges having read and approved the attached Listing Input Sheet(s) and represents that they are accurate.

### 20. ACKNOWLEDGEMENT OF RECEIPT OF THE CONSUMER INFORMATION STATEMENT ON NEW JERSEY REAL ESTATE RELATIONSHIPS.

Owner acknowledges receipt of a copy of the Consumer Information Statement on New Jersey Real Estate Relationships.

### 21. ACKNOWLEDGMENT OF RECEIPT OF THE NEW JERSEY ATTORNEY GENERAL'S SUMMARY OF THE NEW JERSEY LAW AGAINST DISCRIMINATION AND AGREEMENT TO ABIDE BY THE LAW.

The Owner acknowledges receipt of the New Jersey Attorney General's Summary of the New Jersey Law Against Discrimination, and further acknowledges that Owner has reviewed this Summary and agrees to abide by the terms and conditions of the Law Against Discrimination.

**THIS FORM OF AGREEMENT FOR THE LISTING OF REAL ESTATE AND THE PAYMENT OF A COMMISSION FOR THE SALE AND / OR LEASE OF REAL ESTATE HAS BEEN APPROVED SOLELY FOR THE EXCLUSIVE USE OF BROKERS WHO PARTICIPATE IN THE GSMLS, LLC. ANY USE OF THIS AGREEMENT BY ANY PERSON NOT AUTHORIZED OR PERMITTED TO UTILIZE THE SERVICE IS EXPRESSLY PROHIBITED. THIS AGREEMENT MAY ONLY BE REPRODUCED WITH THE WRITTEN CONSENT OF THE SERVICE.**

Revision: August, 2017

Copyright © 2001-2017 NEWMLS, LLC. d/b/a GSMLS, LLC.

BROKER COPY /WHITE      OWNER COPY /CANARY

## Bankruptcy (Broker) Addendum

This Addendum is made part of that Exclusive Right-To-Sell Listing Agreement referenced above (the "Listing Agreement"), for the sale of 8 Sandy Hill road, Hamburg, NJ 07419 (the "Property"), in which Christine Herendeen, Trustee of the Bankruptcy Estate of Frank Natiello and Louisa-Anne R. Natiello Case No. 8:19-bk-04542-RCT, is also referred to as the "Seller" and Justin Kiliszek and Keller Williams Midtown Direct is referred to as the "Listing Broker."

1. The Listing Broker hereby acknowledges that Christine Herendeen, Trustee, is a Bankruptcy Trustee, and as Trustee, Ms. Herendeen is not privy to facts concerning the condition of the property. The Listing Broker waives any disclosure from Christine Herendeen and understands that all land, improvements, and real and any permitted personal property will be sold, conveyed, and/or assigned, as applicable, by the Seller in an "As-Is" condition, and that the Seller hereby expressly disclaims any and all warranties, whether express or implied, with respect to the land, improvements, and real and personal property.

2. The Listing Broker understands that Christine Herendeen, Trustee of the Bankruptcy Estate of Frank Natiello and Louisa-Anne R. Natiello, is the Transferor/Seller in this matter in her capacity as Chapter 7 Bankruptcy Trustee, and not individually.

3. The Listing Broker understands that the listing of this property and the subsequent sale is subject to Bankruptcy Court approval, and that the Listing Agreement shall not be binding upon the Seller unless and until it is approved by the Bankruptcy Court. Listing Broker further agrees that the Bankruptcy Court will permit other parties to submit bids for this property.

4. Listing Period. To the extent the Listing Agreement states otherwise, it is modified to provide that the parties agree that this listing agreement may be terminated by the Seller at any time if Seller decides not to pursue sale of the Property.

5. Compensation to Broker. To the extent the Listing Agreement states otherwise, the Listing Agreement is modified to provide that Seller agrees to pay compensation only upon approval of the sale by the Bankruptcy Court and closing of the sale. Listing Broker acknowledges that the Bankruptcy Court may determine part of the compensation to Listing Broker provided for in the listing agreement may be payable to a real estate broker representing the Buyer of the Property.

6. Seller's representations of Title/Marketable Title: The Listing Agreement is modified to provide that Seller agrees to seek approval of Bankruptcy Court to convey marketable title and to provide an owner's title insurance policy. The Seller will only execute a Trustee's Deed without any warranties. The Seller relies upon the bankruptcy court order to convey marketable title that is free and clear of any liens, claims and interests.

7. Seller's Obligations/ Seller's Disclosure Statement. Disclosure of Material Facts. With respect to Seller's Disclosure Statement, Seller does not intend to make a written disclosure statement, as Seller has no information regarding the condition if the Property. Listing Broker may seek, to the extent possible, for or from the Buyer, a written disclosure statement from the Debtor, waiver of written disclosure statement by the Buyer and/or a written disclosure statement from an expert of professional.

8. Costs. To the extent the Listing Agreement states otherwise, the Listing Agreement is modified to provide that seller will pay costs agreed to by Seller, subject however to Bankruptcy Court approval, if required.

9. Mediation and Arbitration. To the extent the Listing Agreement states otherwise, the Listing Agreement is modified to provide that the Bankruptcy Court for the Middle District of Florida shall have exclusive jurisdiction over all disputes or claims relating to the sale of this Property.

10. Indemnification. To the extent the Listing Agreement state otherwise, any indemnification language in the Listing Agreement is stricken.

DATED: Tampa, FL            9/20/19

_____
Christine Herendeen, as Trustee
and only as Trustee

_____
Justin Kiliszek Listing Agent
Keller Williams Midtown Direct

_____
Justin Kiliszek, for Listing Broker
Keller Williams Midtown Direct